PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN JUARBE, Defendant and Appellant.

No. 2940.   Argued April 5, 1927.—Decided November 30, 1927.

*E. González Mena, J. B. García Méndez* and *J. Valdejulli* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

In this case, taking the report of the trial as it stands, there was sufficient evidence tending to show that the defendant had sexual communication with a girl under fourteen years of age. Hence, if there was no error in the admission or exclusion of the evidence, the defendant was guilty of rape under the statute. With a similar reserve there was sufficient corroboration of the testimony of the prosecuting witness. The defendant, however, took various exceptions to the admission or exclusion of evidence and likewise excepted to the instructions. On appeal thirteen assignments of error are presented.

Objection was made to the address of the prosecuting attorney on opening the case. He told the jury, among other things, that he expected to show certain violent acts on the part of the defendant committed at the time of the supposed rape of the girl, including forcible administration of a narcotic. Necessarily, anything that defendant did to accomplish his alleged purpose was part of the *res gestae,* inseparable, except by proper instructions, from the other facts of the case. While the defendant would be guilty whether violence was or was not used, the district attorney has a right to allude to the events that necessarily surrounded the supposed offense. The evidence might be necessary to give verisimilitude to the statements of the prosecutrix or some

of the other witnesses. The defendant can always protect himself by requesting an instruction from the court if the alleged violent acts form no real part of the crime. The court did in fact instruct the jury in this regard and the instructions are attacked under another assignment of error. This disposes of the first assignment of error.

It was indispensable to show that the prosecuting witness was under fourteen years of age. To comply with this requisite the Government offered in evidence a certificate from the civil register. Various objections were raised by defendant and are the object of the second assignment of error. In the first place, the law requires that after a birth the report thereof should be made to the register within sixty days. The entry here was made sixty-two days after the birth. The record, nevertheless, existed. While we harbour some doubts, the appellant does not convince us that a failure to report within the statutory time renders the record absolutely null and void. The failure to record in time may under certain circumstances be condoned. The burden, we think, was on the defendant to show that the parents did not bring themselves within the privilege that the law affords to persons who delay. More particularly we are not convinced that an entry in the civil register can be attacked in this form at a trial. The failure to record in time may entail nothing more than a delay to the interested party and possibly subject him to some sort of a fine or to an additional payment or proof of birth. The attack on the register, it would seem, should be made directly. In any case the statement of the register is only *prima facie* evidence.

The defendant likewise objected to the admission of the certificate because he maintained that it was not in point of fact the evidence of the birth of the prosecuting witness but of some other child, inasmuch as the recorded surname was Arce y Sostrén while the name of the prosecuting witness was Arce y Ugarte. The surname of the prosecuting witness

apparently was Arce y Ugarte, and she was so referred to by the defence itself in some part of the trial. The certificate was *prima facie* evidence and as pointed out by the court below the defendant would have ample opportunity to present other evidence to show that the one presented by the Government was not a true reflection of the age of the prosecuting witness. Nor was the court bound to accept as a fact what was shown by a baptismal record offered in evidence by the defendant.

The third alleged error consisted in allowing the prosecuting witness to testify about the use of violence or of drugs. This objection falls under the same line of reasoning considered in disposing of the first assignment of error.

The court permitted the district attorney to ask the prosecuting witness in this wise: "Did he introduce any part of his body into your body?" Undoubtedly this was a leading question and under most circumstances suffering it to be put would be error. The witness either out of modesty or partial ignorance had failed to state the physical facts despite of the various efforts of the district attorney to elicit the truth. The witness had stated that the defendant had dishonored her (*abusó de mi honor*). The court thereupon after discussion permitted the direct question. The permitting of a direct or leading question is under section 153 of the Law of Evidence within the sound discretion of the court and the appellant does not convince us that there was any abuse thereof.

Among its instructions the court in passing made a reference to the prosecuting witness as one "whom it was presumed had been raped." What the court possibly or probably meant to say was "whom it was supposed was raped." The court was not instructing the jury that there was any presumption that the girl was raped and the rest of the instructions tend to show the contrary. However, it is the law that a girl under fourteen who has had sexual

communication with a man has been raped. There was the undisputed testimony of a doctor that the girl had had sexual communication with someone of course not necessarily the defendant. There was neither error nor prejudice.

Whether there was any evidence to corroborate the prosecuting witness is a question for the court. There was the evidence of two witnesses trying to show that they heard a disturbance in the house of the prosecuting witness; heard the cries of "O, Papa! O, Mamma!" and subsequently saw the defendant emerge from the said house. The authorities show that the mere presence of the defendant at the scene of the crime is not generally sufficient corroboration. Here there was plainly something more and the corroboration required never need be very strong, as such a requirement would generally be impossible. This was, moreover, a house in the country where the defendant had no particular business and did not live in the neighborhood.

This would dispose of the sixth assignment of error. But there is another consideration that is perhaps applicable. There was no request for a directed verdict at the conclusion of the Government's evidence. One of the defences, besides a general denial was to set up an alibi. The defendant on the stand denied his presence in the house and denied any real acquaintance with the prosecuting witness. Under these circumstances the force of the corroborating testimony was increased.

We think the court was justified in refusing the following instruction: "The court instructs you that in considering the evidence presented in this case you should completely ignore the facts relative to violence or the use of any drug or narcotic, inasmuch as such facts have not and cannot have any relation to the crime charged against the defendant." The requested instruction was too broad. For certain purposes especially of veracity and the like the jury had a right to consider all circumstances. The instructions should be

that the guilt of the defendant did not flow from the use of violence or of a narcotic, and such instruction the court substantially gave, if not more.

The following instruction was refused by the court: "The court instructs you that the birth certificate from the Civil Register is *prima facie* evidence of birth, but it may be rebutted by a baptismal certificate issued by an officer of the church, or by any other evidence."

The appellant concedes that according to the document issued by the parrochial registry and offered in evidence by him, the girl had not reached even 14 years of age on the date on which the information charges that the crime was committed. He argues, nevertheless, that the act complained of might, according to the medical testimony, have taken place in August, 1925, at which time from the baptismal certificate the child would have been over fourteen years of age. All the evidence tended to show that the alleged rape took place, if at all, in June. So that the baptismal certificate in no wise tended to contradict the fact sought to be proved by the civil registry that the child was in fact under fourteen. Under the circumstances we see no error and certainly no prejudice in refusing the solicited instruction. We have some question whether the parrochial registry ought properly be offered to contradict the civil registry with respect to the date of a birth, but we need not decide the question in this case.

Under the tenth and eleventh assignments of error, however, the appellant complains of the instructions of the court with regard to the effect of section 320 of the Civil Code. This provides:

"Section 320.—The records in the registry shall be evidence of the civil status, and any other evidence can be admitted only when such records have never existed or the books of the registry should have disappeared or when a litigation is instituted before the courts."

Now the court actually admitted the baptismal certificate

and merely' told the jury that section 320 had not been repealed, and that the civil registry was *prima facie* evidence of the birth of a person. The court expressly said that the civil registry might be contradicted. We find no error.

We find the instructions as to corroboration sufficient.

We find no error and certainly no prejudice in refusing to instruct with regard to assault and battery. The charge was the rape of a girl under fourteen years of age. Assault and battery do not really enter into this class of crime.

The evidence of the prosecuting witness was clear. As to the defloration itself she was strongly corroborated by the doctor, and the jury had a right to find the defendant guilty on the girl's testimony as corroborated. For these reasons it makes no difference that the effects of the supposed drug were doubtful or that the prosecuting witness was tardy, waiting six months to tell her mother. The witness explained that she did not tell because of the threats of the defendant. These and other supposed contradictions were to be solved by the jury.

The judgment appealed from should be affirmed.

Mr. Justice Hutchison concurred in the judgment.